**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.M.,<br><br>Petitioner,<br><br>v.<br><br>Eric Rokosky, et al.,<br><br>Respondents. | No. CV-26-07180-PHX-SHR<br><br>**ORDER** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Docs. 1, 14.) Petitioner is a national of Pakistan "who fled his home country after experiencing a series of physical attacks and threats" due to him converting religions. (Doc. 14 at 5–6.) Petitioner entered the United States without inspection on March 6, 2020, and was detained shortly thereafter. (*Id.* at 6.) He alleges he has since been detained "for over six and a half years because of procedural and evidentiary errors." (*Id.* at 2.) Petitioner argues his detention violates his Fifth Amendment rights and seeks immediate release "subject to reasonable conditions." (*Id.* at 44, 46.) He also seeks an injunction against any future re-detention without a pre-deprivation hearing where the government bears the burden of proof. (*Id.*) The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.) In the Response, Respondents state: "Respondents do not oppose Petitioner's request for release subject to reasonable conditions at this time." (Doc. 17.)

Because Respondents do not oppose the Petition, the Court will grant Petitioner's request for immediate release without deciding the question of whether Petitioner's six-and-a-half-year detention violates due process. *See Oli v. Bondi*, No. CV-26-02102-PHX-SHR (JFM), 2026 WL 2870925, at *4 (D. Ariz. Sept. 24, 2026) (holding a petitioner's 20-month detention under 8 U.S.C. § 1225(b) did not violate due process but stating the Court does "not foreclose the possibility that, in an appropriate case, prolonged detention under § 1225(b) may support a viable as-applied due-process claim"). Regarding Petitioner's request for the Court to enjoin Respondents from re-detaining him without a pre-deprivation hearing, the Court declines to grant any such relief. *See, e.g.*, *Singh v. Unknown Party*, No. CV-26-01685-PHX-DWL (JFM), 2026 WL 1839137, at *2 (D. Ariz. June 26, 2026). Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 14) is **granted** as to his request for release from custody. The remainder of the Amended Petition is **denied**.

(2) Respondents must **immediately** release Petitioner from custody.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 16th day of October, 2026.

Honorable Scott H. Rash
United States District Judge